IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**FLOYD DINSDALE BOLDING,**

    Petitioner,

v.                                                                                                        Civil Action No. 3:10CV660

**DEPARTMENT OF CORRECTIONS,** *et al.,*

    Respondents.

## MEMORANDUM OPINION

Floyd Dinsdale Bolding, a Virginia state inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Bolding raises two grounds for relief:

    Claim One    Bolding received ineffective assistance of counsel when his trial counsel failed to file a timely motion to suppress.

    Claim Two    Bolding received ineffective assistance of counsel when his trial counsel failed to file a timely discovery motion.

Respondent has moved to dismiss on the ground that, *inter alia*, the petition is barred by the one-year statute of limitations governing federal habeas petitions. Bolding filed his response, which did not address the statute of limitations. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

On November 1, 2004, Bolding was convicted in the Prince William Circuit Court ("Circuit Court") on one count of distribution of oxycodone. Petition for Appeal 4, *Bolding v. Commonwealth*, No. 0523-05-4 (Va. Ct. App. filed Apr. 27, 2005). On February 22, 2005, the Circuit Court sentenced Bolding to a twelve-year active term of imprisonment. (Br. Supp. Mot. Dismiss Ex. 1, at 2.)

Bolding appealed to the Court of Appeals of Virginia, which denied his appeal.[1] *Bolding*, No. 0523-05-4 (Va. Ct. App. Aug. 10, 2005). Bolding then appealed to the Supreme Court of Virginia. On June 29, 2006, the Supreme Court of Virginia refused his petition for appeal. *Bolding v. Commonwealth*, No. 060328 (Va. June 29, 2006).

On February 15, 2007,[2] Bolding petitioned for a writ of habeas corpus in the Circuit Court. He raised two ineffective assistance of counsel claims, including the motion-to-suppress claim and a claim regarding pre-trial investigation. The Circuit Court dismissed the petition on June 5, 2009. *See Bolding v. Director*, No. 73807, at 2 (Va. Cir. Ct. June 5, 2009).

Bolding then appealed to the Supreme Court of Virginia. The Supreme Court of Virginia dismissed the petition for appeal because Bolding "failed to timely file the notice of appeal." *Bolding v. Director*, No. 091820 (Va. Apr. 27, 2010) (*citing* Va. Sup. Ct. R. 5:9(a)).

Bolding now petitions this Court for a writ of habeas corpus. He filed his petition on September 10, 2010.[3] (Docket No. 1.)

---

[1] Bolding also requested review by a three-judge panel of the Court of Appeals of Virginia. The panel denied his petition for appeal. *Bolding*, No. 0523-05-4 (Va. Ct. App. Nov. 8, 2005).

[2] This is the date that the Circuit Court stamped Bolding's petition "received" and the date which the Circuit Court deemed the petition filed. *See Bolding v. Director*, No. 73807, at 2 (Va. Cir. Ct. June 5, 2009).

[3] The Court deems the motion filed on the date Bolding swears he placed the petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that Bolding's claims are time-barred under the federal statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Ninety days after Bolding's direct appeal to the Supreme Court of Virginia ended, his judgment became final for purposes of AEDPA. His direct appeal to the Supreme Court of Virginia ended on June 29, 2006, the day the Supreme Court of Virginia ruled on his appeal. Thus, Bolding's conviction became final ninety days later—on Wednesday, September 27, 2006—the last date to file a petition for a writ of certiorari with the Supreme Court of the United States. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (*citing Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)); *see* Sup. Ct. R. 13.1 (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). Bolding had one year, or until Thursday, September 27, 2007, to file any federal habeas challenge to his conviction, unless this period was statutorily tolled. 28 U.S.C. § 2244(d)(1)(A).

## B. Statutory Tolling

The statute of limitations ran for 140 days before Bolding filed his state habeas petition in the Circuit Court on February 15, 2007. It was tolled while the petition was pending in the Circuit Court. The Circuit Court dismissed the petition on June 5, 2009. Because the appeal of that ruling was not timely filed, the statute of limitations began running again on June 6, 2009.[4]

---

[4] *Hines v. Johnson*, No. 2:08cv102, 2009 WL 210716, at *2 (E.D. Va. Jan. 28, 2009) (precluding tolling the time between the state's denial of a habeas petition and the ultimately untimely petition for appeal of that decision); *Christian v. Baskerville*, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (same). The Court recognizes that an argument could be made, based on dicta in *Allen v. Mitchell*, 276 F.3d 183, 185 (4th Cir. 2001), that Bolding is entitled to a thirty-day tolling period. *Id.* at 185 ("We have already held that the statute of limitations is tolled . . . during the [interval between the lower court habeas decision and the deadline for seeking review of that decision]." (*citing Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999))); *see also Swartz v. Meyers*, 204 F.3d 417, 421-22 (3d. Cir. 2000) (*citing Taylor*, 186 F.3d at 561); *Currie v. Matesanz*, 281 F.3d 261, 268 n.8 (1st Cir. 2002); *Gibson v. Klinger*, 232 F.3d 799, 803-04 (10th Cir. 2000); *Davis v. Schriro*, No. CV 05-3866-PHX-FJM, 2007 WL 1412529, at *4-5 (D. Ariz. May 11, 2007) (*citing Taylor*, 186 F.3d at 561); *Breeden v. Commonwealth*, No. 7:05CV00413, 2005 WL 2777281, at *1 (W.D. Va. Oct. 24, 2005) (tolling the period from the circuit court's habeas

Because the Supreme Court of Virginia dismissed the appeal on the ground that the notice of appeal was not timely filed, Bolding is not entitled to further tolling of the statute of limitations. *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929-30 (E.D. Va. 2000). Accordingly, the statute of limitations ran for an additional 461 days by the time Bolding filed his § 2254 petition on September 10, 2010. Because the statute of limitations ran for a total of 601 days, the petition is barred by the statute of limitations.

### C. Equitable Tolling

Petitions under 28 U.S.C. § 2254 are subject to equitable tolling.[5] *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Bolding has not attempted to explain why he should be entitled to equitable tolling. Accordingly, Bolding is not entitled to equitable tolling.

---

dismissal and the thirty-day time to appeal that decision, even when the eventual appeal was untimely (*citing Allen*, 276 F.3d at 185)); *c.f. Carey v. Saffold*, 536 U.S. 214, 217 (2002) (holding that an application is pending between a lower court's decision and the filing of a notice of appeal). Even if the Court were to toll Bolding's statute of limitations for an additional thirty-day period, his § 2254 petition would still be untimely. Accordingly, this issue need not be addressed here. *Lester v. South Carolina*, 57 F. App'x 156, 157-58 (4th Cir. 2003) ("Neither the Supreme Court nor this court has specifically addressed the issue of whether the time for filing an appeal of the denial of post-conviction relief is counted in the tolling period when no notice of appeal is filed. In this case it makes no difference because, even if the period is included, [the] § 2254 petition was untimely.").

[5] "[E]quitable tolling is available only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). "Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *Id.* (*quoting Rouse*, 339 F.3d at 246). Additionally, a petitioner bears the burden of demonstrating that he acted with due diligence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Because Bolding has not demonstrated any meritorious grounds for equitable tolling of the limitation period, or that one of the later commencement dates for the limitation period applies, *see* 28 U.S.C. § 2244(d)(1)(B)–(D), the petition must be denied as untimely.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Docket No. 5) will be GRANTED. Bolding's petition for relief under 28 U.S.C. § 2254 will be DENIED, and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Bolding is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
James R. Spencer
Chief United States District Judge

Date: 6-21-11
Richmond, Virginia

6